# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| ROBERT SAMUEL STRAND, | ) |
| Plaintiff, | ) |
| v. | ) No.: 2:21-CV-159-RLJ-CRW |
| JAMES HARVILLE, CHRIS HARVILLE, C. WOODS, and GRAINGER COUNTY SHERIFF'S OFFICE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed a pro se prisoner's civil rights action for alleged violations of 42 U.S.C. 1983 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* in this cause [Doc. 1]. The Court will address Plaintiff's motion prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and supporting documents that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty

dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Plaintiff's Relevant Allegations

At around 9:30 p.m. on December 2, 2020, Plaintiff was arrested for public intoxication and transported to the Grainger County Jail [Doc. 2 p. 5, 12]. While Correctional Officer ("CO") Woods was fingerprinting Plaintiff, Plaintiff "felt a sting in [his] right upper forearm" and saw what he believed a butterfly intravenous (IV) needle fall from his arm onto the ground before CO Woods immediately stepped on the needle [*Id.* at 12].

Plaintiff was then placed in a cell in the booking area, and Sheriff James Harville, Jail Administrator Chris Harville, and Inmate Charles Goins came to Plaintiff's cell door [*Id.*]. Plaintiff contends that Chris Harville opened the food slot, at which point Inmate Goins "squirt[ed] some type of chemical" and smoke onto Plaintiff's face and body in front of the Sheriff and Jail Administrator [*Id.*]. Plaintiff began yelling for Defendants not to kill him, and when a nurse came to check on Plaintiff, Jail Administrator Harville allegedly slammed her into the wall and threatened to kill her and her entire family if she helped Plaintiff [*Id.* at 12-13]. The nurse left [*Id.* at 13]. Plaintiff asserts that he yelled at Defendants to come in the cell and kill him, at which point Sheriff Harville slammed Plaintiff's cell door and stated that continuing with Plaintiff was a waste

2

of time [*Id.*]. Defendants left, and Plaintiff does not remember much after that until he woke up in a different cell [*Id.*].

Plaintiff asks the Court to "hold [Defendants] accountable" and award him $5,000,000 in punitive damages [*Id.* at 5]. He has sued Sheriff James Harville and CO Woods in their official capacities [*Id.* at 2-3].

**B.      Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

3

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.    Analysis**

   **1.    Municipal/Offical-Capacity Liability**

Plaintiff has sued Sheriff Harville and CO Woods solely in their official capacities, and the Grainger County Sheriff's Office as an entity. However, Plaintiff cannot maintain suit against the Grainger County Sheriff's Office, as an office is not a cognizable legal entity for purposes of § 1983. *See, e.g., Hull v. Davidson Cty. Sheriff's Office*, 2017 WL 1322104, at *2 (M.D. Tenn. Apr. 3, 2017) ("[P]olice departments and sheriff's departments are not proper parties to a § 1983 suit; they are not bodies politic and, as such, as not 'persons' within the meaning of § 1983."); *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, 2010 WL 3341889 (M.D. Tenn. Aug. 25, 2010). Grainger County, the municipality operating the office, however, is a legally cognizable entity. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978).

Plaintiff's claims against Sheriff Harville and CO Woods in their official capacities are the equivalent of claims against Grainger County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). This is because when a plaintiff sues a defendant while acting in his or her official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Defendants were both employed by Grainger County, Tennessee, at all times relevant

4

to the current action. Therefore, Plaintiff's official-capacity claims against them constitute suit against Grainger County. *See Graham*, 473 U.S. at 166; *see also Monell*, 436 U.S. at 690 n.55.

In order for Grainger County to be liable under § 1983, Plaintiff must show that the alleged violation of his constitutional rights came about because of a policy or custom implemented by the County. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Here, Plaintiff has not suggested that his rights were violated pursuant to a policy or regulation of Grainger County, and therefore, he has failed to state a claim for municipal liability. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Because he has not adequately plead any municipal liability, Plaintiff has likewise failed to state a claim against Defendants in their official capacities.

Moreover, Plaintiff seeks only punitive damages in this action. However, punitive damages are not available against Grainger County or its officers in their official capacities. *See, e.g., Graham*, 473 U.S. at 167 n.13. Therefore, all claims against Defendants Sheriff Harville, CO Woods, and Grainger County Sheriff's Office must be dismissed.

### 2. Remaining Defendants

Plaintiff has also named Jail Administrator Chris Harville and Inmate Charles Goins as Defendants in this action. Plaintiff does not state whether Plaintiff has sued these Defendants in their official or individual capacities. The Court finds, for the same reasons set forth above, that Plaintiff cannot maintain an official-capacity claim against either of these Defendants. Therefore,

5

the Court turns to a consideration of whether either of these Defendants may be held liable in his respective individual capacity.

To state a cognizable individual-capacity claim, Plaintiff must allege that each of these Defendants was personally involved in the violation of Plaintiff's rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

In his Complaint, Plaintiff alleges that Jail Administrator Harville opened a food slot and physically assaulted a nurse. First, Plaintiff has no standing to assert any constitutional right belonging to the nurse, as he is limited to asserting violations of his own rights. *See, e.g, Newson v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding prisoner cannot assert constitutional rights of others in a civil action). Moreover, to the extent Plaintiff alleges threats, verbal abuse, and harassment by Jail Administrator Harville, such conduct does not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

However, to the extent Plaintiff's Complaint could be construed to suggest that Jail Administrator Harville failed to protect him and/or intended Plaintiff to be allegedly assaulted by Inmate Goins, the Court finds that Plaintiff should be allowed to amend his complaint. On the facts before it, the Court has insufficient information to determine whether Inmate Goins was functioning as a "state actor" at the time of the incidents alleged in the Complaint, and the Complaint lacks sufficient detail as to whether Jail Administrator Harville had knowledge of, or intention to assist, Inmate Goins in spraying Plaintiff with chemicals and smoke. Therefore, the

6

Court will allow Plaintiff an opportunity to amend his Complaint to allege sufficient factual detail to potential state a plausible claim for relief.

Accordingly, the Court will allow Plaintiff an opportunity to file an amended complaint within twenty-one (21) days of this Order. Plaintiff is **NOTIFIED** that the amended complaint will completely replace and supersede his original complaint, and thus, it must be complete and not refer back to the prior pleading. Plaintiff is further **NOTIFIED** that his amended complaint should include only a short and plain statement of his claim showing that he is entitled to relief as to each Defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff should avoid legal argument and citations to law, but rather, he should set forth the facts — the who, what, when, where, why — of his allegations. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has screened the amended complaint.

### III. CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

7

Case 2:21-cv-00159-RLJ-CRW   Document 10   Filed 11/23/21   Page 7 of 9   PageID #: 43

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Defendants James Harville, CO Woods, and the Grainger County Sheriff's Office are **DISMISSED**;

6. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

7. Plaintiff is **ORDERED** to complete the § 1983 form within twenty-one (21) days in accordance with the directives stated above;

8. Plaintiff is **NOTIFIED** that failure to comply with this order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

8

Case 2:21-cv-00159-RLJ-CRW   Document 10   Filed 11/23/21   Page 8 of 9   PageID #: 44