UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ROBERT SAMUEL STRAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.: 2:21-CV-159-RLJ-CRW |
| v. | ) | |
| JAMES HARVILLE, | ) | |
| CHRIS HARVILLE, | ) | |
| CHRIS WOODS, and | ) | |
| CHARLES GOINS, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff's amended complaint for alleged violations of 42 U.S.C. 1983 [Doc. 13] is before the Court for screening in compliance with the with the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A. The Court allowed Plaintiff an opportunity to file an amended complaint after determining that his original complaint was subject to dismissal under the PLRA [Doc. 10]. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

I. **SCREENING OF COMPLAINT**

A. **Plaintiff's Relevant Allegations**

Plaintiff was arrested for public intoxication and transported to the Grainger County Jail on December 2, 2020 [Doc. 13 p. 3-4]. While Correctional Officer ("CO") Chris Woods was booking Plaintiff into the jail, Plaintiff "felt a sharp jab in [his] right forearm" and saw a butterfly needle fall to the floor in front of CO Woods [*Id*. at 4].

Plaintiff was then placed in a cell in the booking area, and Sheriff James Harville, Jail Administrator Chris Harville, and Inmate Charles Goins came to Plaintiff's cell door [*Id.*]. Plaintiff contends that Chris Harville opened the food slot and directed Inmate Goins to "blow smoke and spray [Plaintiff] with a chemical that burned [his] face and hands [*Id.*]. Sheriff Harville did not intervene during the encounter [*Id.*].

Plaintiff asks the Court to hold Defendants "accountable" and award him $5,000,000 in damages for pain and suffering and mental anguish [*Id.* at 5].

B.  **Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the

elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.  Analysis**

    **1.  Municipal/Official-Capacity Liability**

This Court has already determined that Plaintiff has failed to state a claim against any Defendant in his official capacity, and nothing in the amended complaint has altered the Court's conclusion [*Compare* Doc. 10 *with* Doc. 13]. Therefore, all claims against Defendants in their official capacities will be dismissed.

    **2.  Individual-Capacity Liability**

To state a cognizable individual-capacity claim against any named Defendant, Plaintiff must allege that Defendant's personal involvement in the violation of Plaintiff's rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Plaintiff has not set forth sufficient facts to suggest that CO Chris Woods engaged in any constitutionally violative conduct. While he maintains that he felt a "jab" and saw a butterfly needle fall from his arm while CO Woods was booking him, he does not allege that CO Woods was responsible for the jab, or that he was in any way injured as a result. Therefore, the Court

3

Case 2:21-cv-00159-RLJ-CRW   Document 14   Filed 12/15/21   Page 3 of 5   PageID #: 57

finds these allegations insufficient to state a claim against CO Chris Woods, and he will be dismissed. *Twombly*, 550 U.S. at 555, 570.

However, the Court finds Plaintiff's allegations sufficient to state a plausible claim that Sheriff James Harville failed to protect Plaintiff, that Jail Administrator Harville actively participated in excessive force to Plaintiff, and that Inmate Goins, while potentially functioning as a State actor, subjected Plaintiff to excessive force. Therefore, the Court will allow these discrete claims to proceed.

**II.  CONCLUSION**

For the reasons set forth above:

1. Plaintiff's failure-to-protect claim will **PROCEED** against Sheriff Harville in his individual capacity, and Plaintiff's excessive force claims will proceed against Jail Administrator Harville and Inmate Goins in their respective individual capacities;

2. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants James Harville, Chris Harville, and Charles Goins;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default against that Defendant;

6. CO Chris Woods is **DISMISSED** from this action, and all claims against the remaining Defendants in their official capacities are **DISMISSED**; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the

case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge