# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| ROBERT SAMUEL STRAND,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES HARVILLE,<br>CHRIS HARVILLE, and<br>CHARLES GOINS,<br><br>    Defendants. | No.: 2:21-CV-159-RLJ-CRW |

## MEMORANDUM OPINION

This pro se prisoner's complaint under 42 U.S.C. § 1983 is before the Court for consideration of dismissal. On August 9, 2022, this Court entered an Order providing Plaintiff fourteen days within which to confirm his address of record or submit an updated address [Doc. 24]. The Order warned Plaintiff that failure to timely comply would result in the dismissal of this action [*Id*. at 1-2]. The deadline has passed, and Plaintiff has not complied with the Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, the Court finds that Plaintiff's failure to timely comply with the Court's Order is due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff may not have received the Order because he failed to update his address as required by this Court's previous Orders and its local rules.[1] *See, e.g.*, E.D. Tenn. L.R. 83.13. Second, Plaintiff's failure to comply with the Order has prejudiced the County Defendants, as they have appeared and been forced to defend against Plaintiff's Amended Complaint. Third, the Court repeatedly warned Plaintiff in prior Orders of his duty to keep the Court apprised of his address [Docs. 8, 14, 17, and 22], and it expressly warned Plaintiff that failure to respond to the August 9, 2022, Order would result in the dismissal of this action [Doc. 24 p. 1-2]. Finally, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing

---

[1] According to the information available on VINE, a victim notification network, Plaintiff has been released on bond. *See* VINE, https://vinelink.vineapps.com/search/TN/Person (search by name) (last visited August 25, 2022). The date of his release is unknown, and Plaintiff has not communicated with the Court since December 27, 2021 [*See* Doc. 15].

about Plaintiff's pro se status prevented him from complying with the Court's Order [Doc. 24], and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge